UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**15 CV 181**

JUDGE FAILLA

CARISSA SIRIA RENTERIA,

    Plaintiff,

-v-

KAYHAN CIVELEK, DDS and
KAYHAN CIVELEK, DDS, P.C.,

    Defendants.

CIVIL ACTION NO.: _____ - 2015

JURY TRIAL DEMANDED - YES

**COMPLAINT**

COPY

Plaintiff, Carissa Siria Renteria (hereinafter "Plaintiff"), by her attorneys, Baurkot & Baurkot, as and for her Complaint against Defendants, Kayhan Civelek DDS, (the "Defendant Doctor") and Kayhan Civelek, DDS, P.C. (the "Defendant Corporation") (collectively, the "Defendants") alleges as follows:

## PARTIES

1. Plaintiff is an adult individual residing at 2721 2nd Street, Apartment #106, Santa Monica, Los Angeles County, State of California 90405.

2. Defendant Doctor is an adult individual, licensed to practice Dentistry by and in the State of New York and residing at 300 East 85th Street, Apartment 2803, New York City, New York County, State of New York 10028.

3. Defendant Corporation is a domestic professional corporation, which was organized in and is existing and authorized to conduct business within the State of New York, with its principal office situated at 580 Park Avenue, Suite 1E, New York City, New York County, State of New York 10065.

4. Defendant Doctor was and is the founder, owner, operator, chief executive officer, sole-director, principal agent, sole-partner and/or sole-shareholder of Defendant Corporation, acting, at all times relevant, individually and/or through Defendant Corporation, and stood in such a relationship with each other as to make each liable for the acts and omissions of the other, their agents, employees, partners, contractors and assigns.

5. Defendants are in the business of providing dental care to the public and Defendant Doctor, at all times relevant, individually and/or through Defendant Corporation, held himself out to the general public, and in particular to Plaintiff, as being competent and qualified in the practice of Dentistry, including, but not limited to the specialties of Periodontal, Restorative and Dental Implant care.

6. Defendant Doctor, at all times relevant, individually and/or through Defendant Corporation, hires, manages and directs support staff, nurses, hygienists, office and administrative personal and other medical and/or dental providers and/or assistants to provide care to the public.

7. Defendant Doctor, individually and through Defendant Corporation, owned, operated, controlled and managed a dental facility pursuant to the laws of the State of New York, for care of the general public, which was, at the times relevant to this Complaint, located at 200 Central Park South, Suite 209, New York City, New York County, State of New York, and provided personnel for the care and treatment of its patients and which held itself out to the general public, and in particular to Plaintiff, as furnishing a dental treatment facility where patients, including Plaintiff, could be treated for dental related ailments and/or conditions, with the proper degree of learning and skill.

## JURISDICTION

8. Subject matter jurisdiction over the claims giving rise to this Complaint is with this Court under Section 1332, Title 28 of the United States Code, provided that Defendants are citizens of and domiciled in the State of New York, Plaintiff is a citizen of and domiciled in the State of California and the matter in controversy exceeds the sums of $75,000, exclusive of interests and costs.

9. Venue is properly laid in this Judicial District pursuant to Section 1391(b)(2), Title 28 of the United States Code, in that, a substantial part of the events or omission giving the claims giving rise to this Complaint occurred in this District and, further, Defendants are domiciled in this District.

## FACTS

10. Plaintiff repeats, reiterates and realleges each and every allegation contained herein above in paragraphs "1" through "9" inclusive, with the same force and effect as if hereinafter set forth at length.

11. On July 12, 2010 and continuing through to and including September 30, 2012, Plaintiff sought the professional care of Defendant Doctor for certain dental related ailments and, Plaintiff received from Defendant Doctor, his agents, servants, employees, associates and/or subcontractors, medical and dental care and treatment, diagnostic testing and surgical preparations and procedures.

12. On July 12, 2010 and continuing through to and including September 30, 2012, Plaintiff sought the professional care of Defendant Corporation for certain dental related ailments and, Plaintiff received from Defendant Corporation, its owner, agents, servants, employees,

associates and/or subcontractors, medical and dental care and treatment, diagnostic testing and surgical preparations and procedures.

13. On July 12, 2010 and continuing through to and including September 30, 2012, Plaintiff was a business invitee/patient of Defendants.

14. At all times relevant hereto, Plaintiff retained the professional services of Defendants on or about January 12, 2010, specifically, for a consultation regarding dental implantation of teeth No. 8 and No. 9.

15. At all times relevant hereto, Defendant Doctor rendered his professional opinion and services to the Plaintiff in regards to the treatment and care of various dental services and procedures.

16. At all times relevant hereto, Defendant Doctor advised Plaintiff that through the process of dental implantation, teeth that she had lost in an earlier incident, specifically teeth No. 8 and No. 9, could be permanently replaced.

17. At all times relevant hereto, Defendant Doctor maintained a one page treatment record, dated July 12, 2010 to January 9, 2012, which indicates extensive treatment would be necessary to replace the aforementioned teeth, through the use of implant technology, periodontal surgery and bone grafting procedures.

18. At all times relevant hereto, Defendant Doctor advised Plaintiff that he would be performing an Excisional New Attachment Procedure (hereinafter "ENAP").

19. On or about July 12, 2010, a CT Dental Scan of the Maxilla was performed on Plaintiff.

20. Following a request of Defendant Doctor, on or about April 26, 2012, a ConeScan was performed on Plaintiff.

21. On or about August 27, 2012, Defendant Doctor performed his first and only treatment relative to the dental implant on Plaintiff, at which time Defendant placed Plaintiff under sedation and completed a bone grafting procedure on teeth No. 8 and No. 9 and suturing of the gums.

22. At all times relevant hereto, Defendant Doctor did not perform any radiographs during or after the placement of dental implants.

23. Following this bone grafting surgery, Defendant Doctor did not provide Plaintiff with any discharge instructions.

24. Following this bone grafting surgery, Defendant Doctor did not schedule any post-surgery appointments with Plaintiff for post-operative care and recovery.

25. Despite Plaintiff's continued complaints and concerns of severe pain, abnormal swelling and large unesthetic gaps between teeth No. 8 and No. 9, which were directed to the Defendants via telephone, email and/or text messaging, at no point did the Defendant Doctor individually or through his agents and employees, schedule an appointment for Plaintiff to be seen for a follow-up consultation.

26. Following Plaintiff's complaints about pain and discomfort, as discussed herein, Defendant Doctor advised Plaintiff that the healing process would take time and that her complaints and/or concerns were in no way indicative of any post-operative complications or anything he did in error.

27. At all times relevant hereto, Defendants knew or should have known, through an examination of Plaintiff, that the aforesaid implantation would fail and would likely cause Plaintiff to suffer serious probably permanent injuries.

28. Absent any response, follow-up care or treatments and suffering from great pain and agony, Plaintiff sought other professional care and, after initial examinations, learned that she suffered from a delayed passive eruption, therefore making it necessary to proceed with the scalloping of her gum tissue, exposing some of her enamel and ridge augmentation. Plaintiff learned that the Defendant Doctor failed to adequately complete the dental implants, failed to augment Plaintiff's facial/dental bone structure. Further, Plaintiff was diagnosed with significant inflammation, a severe infection, pocket depth, bacterial plaque and severe trauma, tissue, extensive ridge defect and other dental and bone injuries as a result of Defendant Doctors' actions and/or omissions.

29. As a result of the above, Plaintiff underwent extensive periodontics and restorative surgeries and/or treatments, including antibiotic therapy, scaling, bone grafting, curettage, tissue therapy, mounted cases, diagnostic wax and the placing of partial dentures at teeth No. 7, No. 8, No. 9 and No. 10, vertical ridge augmentation with use of titanium mesh support and freeze-dried bone and filling esthetic restorative defect with use of pink porcelain, as well as other extensive dental care, surgeries, treatment, therapies and services, as a result of Defendants' negligent and careless actions and/or omissions all to her great pain, agony, injury, suffering, disability, mental anguish, emotional distress, together with considerable financial expenses, including costs of the dental corrective and rehabilitative treatment and loss of wages and opportunity.

30. As a result of the above, Plaintiff continues to receive dental care, treatments, therapies and services, as part of an overall treatment plan, with the purpose of alleviating the issues, pressures and pains, which resulted from Defendant Doctors' negligent and careless actions and/or omissions, all to her great pain, agony, injury, suffering, disability, mental anguish,

emotional distress, together with considerable financial expenses, including costs of the dental corrective and rehabilitative treatment and loss of wages and opportunity.

31. By reason of the above, Plaintiff is entitled to damages, in amount to be determined by the trier of fact for conscious pain and suffering, loss of enjoyment of life and for economic damages, both general and special, in an amount that exceeds the jurisdictional limit of all lower courts.

## FIRST COUNT
## DENTAL MALPRACTICE

32. Plaintiff repeats, reiterates and realleges each and every allegation contained herein above in paragraphs "1" through "31" inclusive, with the same force and effect as if hereinafter set forth at length.

33. At all times relevant hereto, Defendant Doctor held himself out to Plaintiff as a Dentist qualified to practice dentistry.

34. At all times relevant hereto, Defendant Doctor held himself out to Plaintiff as a Dentist qualified to practice dentistry, with expertise in the areas of Periodontics, Restorative and Dental Implant therapies.

35. At all times relevant hereto, Defendant Doctor received compensation for services rendered to Plaintiff.

36. At all times relevant hereto, Defendant Doctor maintained a professional corporation duly organized and existing under Section 1503(a) of the New York State Business Law ("NYSBL"), namely, Defendant Corporation.

37. At all times relevant hereto, Defendant Doctor maintained a principal place at 200 Central Park South, Suite 209, New York City, New York County, State of New York.

38. At all times relevant hereto, Defendant Doctor managed the dental care, treatments and therapies of Plaintiff.

39. At all times relevant hereto, Defendant Doctor maintained the dental care, treatments and therapies of Plaintiff.

40. At all times relevant hereto, Defendant Doctor supervised the dental care, treatments and therapies of Plaintiff.

41. At all times relevant hereto, Defendant Corporation by and through its shareholders, partners, founders, employees, personnel, agents and/or medical or dental physicians, controlled the care of Plaintiff.

42. At all times relevant hereto, Defendant Corporation by and through its shareholders, partners, founders, employees, personnel, agents and/or medical or dental physicians, was managing the dental care, treatments and therapies of Plaintiff.

43. At all times relevant hereto, Defendant Corporation by and through its shareholders, partners, founders, employees, personnel, agents and/or medical or dental physicians, maintained the dental care, treatments and therapies of Plaintiff.

44. At all times relevant hereto, Defendant Corporation by and through its shareholders, partners, founders, employees, personnel, agents and/or medical or dental physicians, supervised the dental care, treatments and therapies of Plaintiff.

45. The aforesaid dental care, treatments and therapies, and services were rendered carelessly, unskillfully, negligently, and not in accordance with accepted standards of medical care, treatment and services in the community.

46. The Defendants, their agents, servants, partners and/or employees negligently and carelessly departed from the good and accepted dental practices and procedures rendered for and on behalf of Plaintiff.

47. The said dental care, treatments and therapies provided Plaintiff by the Defendants was due to the careless and professional negligence of the Defendants, their agents, servants, partners and/or employees, without any fault or lack of care on the part of Plaintiff.

48. The dental care, treatments, therapies and services provided Plaintiff by the Defendants was due to the careless and professional negligence of the Defendants, their agents, servants, partners and/or employees, including, but not limited to the following:

   (a) Failing to properly diagnose and treat Plaintiff;

   (b) Failing to maintain adequate treatment records;

   (c) Failing to properly perform periodontal surgery on Plaintiff;

   (d) Failing to properly perform bone grafting procedures on Plaintiff;

   (e) Failing to properly replace Plaintiff's teeth, No. 8 and No. 9, through the use of implant technology;

   (f) Failing to address esthetics and further disfigurement of Plaintiff's teeth;

   (g) Failure to refer to a specialist;

   (h) Failure to properly treat complications of care;

   (i) Failure to properly supervise and/or oversee the actions of employees, actual and/or apparent agents; and

   (j) Failing to treat or address Plaintiff's post-operation complaints of severe pain and discomfort.

49. As a direct and proximate result of the aforesaid negligent and careless actions and/or omissions, Plaintiff has suffered and continues to suffer serious physical and psychological injuries and damages, some or all of which may be permanent in nature, including, but not limited to, great pain, agony, injury, suffering, disability, disfiguration to her mouth, gums, and face, as well as mental anguish and emotional distress.

50. As a direct and proximate result of the aforesaid negligent and careless actions and/or omissions, Plaintiff was required to undergo, and continues to undergo, extensive medical and dental corrective and rehabilitative treatment, which has caused and continues to cause Plaintiff to suffer great pain, agony, injury, suffering, disability, mental anguish, emotional distress, together with considerable financial expenses, including costs of the dental corrective and rehabilitative treatment and loss of wages and opportunity.

51. By reason of the above, Plaintiff is entitled to damages, in amount to be determined by the trier of fact for conscious pain and suffering, loss of enjoyment of life and for economic damages, both general and special, in an amount that exceeds the jurisdictional limit of all lower courts.

## SECOND COUNT
## LACK OF INFORMED CONSENT

52. Plaintiff repeats, reiterates and realleges each and every allegation contained herein above in paragraphs "1" through "51" inclusive, with the same force and effect as if hereinafter set forth at length.

53. That at no time during the aforesaid care and treatment rendered by the Defendants was Plaintiff advised, either orally or in writing, of the possible risks and/or dangers, nor the possibility of permanent damage occurring to Plaintiff, with regard to the care being rendered or withheld, nor was the plaintiff ever advised that she may suffer severe personal

damages, and had she been advised of the possible risks and dangers involved, Plaintiff would not have been lulled into a false sense of security and would not have consented to the treatment rendered or withheld, or the advice given, which resulted in Plaintiff's suffering of severe and/or permanent damages.

54. That a reasonably prudent person in the Plaintiff's position would not have chosen to have the treatment rendered or withheld, or accepted the advice given, if the Plaintiff had been fully informed, and such lack of informed consent was a proximate cause of the injuries and damages for which recovery is sought.

55. As a direct and proximate result of the aforesaid negligent and careless actions and/or omissions, Plaintiff has suffered and continues to suffer serious physical and psychological injuries and damages, some or all of which may be permanent in nature, including, but not limited to, great pain, agony, injury, suffering, disability, disfiguration to her mouth, gums, and face, as well as mental anguish and emotional distress.

56. As a direct and proximate result of the aforesaid negligent and careless actions and/or omissions, Plaintiff was required to undergo, and continues to undergo, extensive medical and dental corrective and rehabilitative treatment, which has caused and continues to cause Plaintiff to suffer great pain, agony, injury, suffering, disability, mental anguish, emotional distress, together with considerable financial expenses, including costs of the dental corrective and rehabilitative treatment and loss of wages and opportunity.

57. By reason of the above, Plaintiff is entitled to damages, in amount to be determined by the trier of fact for conscious pain and suffering, loss of enjoyment of life and for economic damages, both general and special, in an amount that exceeds the jurisdictional limit of all lower courts.

## THIRD COUNT
## AGENCY/CORPORATE LIABILITY
## PLAINTIFF v. DEFENDANT-CORPORATION

58. Plaintiff repeats, reiterates and realleges each and every allegation contained herein above in paragraphs "1" through "57" inclusive, with the same force and effect as if hereinafter set forth at length.

59. Defendant Doctor was and is the founder, owner, operator, chief executive officer, sole-director, principal agent, sole-partner and/or sole-shareholder of Defendant Corporation, and, at all times relevant, was acting, individually and/or through Defendant Corporation, so that Defendant Doctor and Defendant Corporation stood in such a relationship with each other as to make each liable for the acts and omissions of the other, their agents, employees, partners, contractors and assigns.

60. At all times relevant hereto, Defendant Doctor was acting as the principal agent, sole-partner and/or sole-shareholder of Defendant Corporation and for the benefit of Defendant Corporation, so as to render the Corporation liable for the acts and or omissions of Defendant Doctor, his agents, employees, partners and assigns, when acting in the course of his agency.

61. Pursuant to Section 1503(a) of the NYSBL, Defendant Corporation is liable for the negligent or wrongful acts or misconducted committed by any person, including any shareholder, employee or agent and those under their direct supervision and control, while rendering services on behalf of Defendant Corporation.

62. Pursuant to Section 1503(a) of the NYSBL, Defendant Doctor is personally and fully liable for the negligent or wrongful acts or misconducted committed by any person, including any

other shareholder, employee or agent and those under their direct supervision and control, while rendering services on behalf of Defendant Corporation.

63. As a direct and proximate result of the negligent and careless actions and/or omissions of Defendant Corporation and Defendant Doctor, their agents, employees, partners and assigns, when acting in the course of their agency, Plaintiff has suffered and continues to suffer serious physical and psychological injuries and damages, some or all of which may be permanent in nature, including, but not limited to, great pain, agony, injury, suffering, disability, disfiguration to her mouth, gums, and face, as well as mental anguish and emotional distress.

64. As a direct and proximate result of the negligent and careless actions and/or omissions of Defendant Corporation and Defendant Doctor, their agents, employees, partners and assigns, when acting in the course of their agency, Plaintiff was required to undergo, and continues to undergo, extensive medical and dental corrective and rehabilitative treatment, which has caused and continues to cause Plaintiff to suffer great pain, agony, injury, suffering, disability, mental anguish, emotional distress, together with considerable financial expenses, including costs of the dental corrective and rehabilitative treatment and loss of wages and opportunity.

65. By reason of the above, Plaintiff is entitled to damages, in amount to be determined by the trier of fact for conscious pain and suffering, loss of enjoyment of life and for economic damages, both general and special, in an amount that exceeds the jurisdictional limit of all lower courts.

WHEREFORE, Plaintiff demands judgment against the all Defendants herein on all causes of action set forth in this Complaint, in an amount that exceeds the jurisdictional limits of

all lower courts that would otherwise have jurisdiction over this action, together with the interest, costs and disbursements of same allowed by law.

Respectfully Submitted,

BAURKOT & BAURKOT

Dated: Easton, Pennsylvania
January 5, 2015

Raymond G. Lahoud, Esquire
227 South Seventh Street
Post Office Box 801
Easton, PA 18044-0801
Phone: (484) 544-0022
Fax:    (201) 604-6791

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARISSA SIRIA RENTERIA,

          Plaintiff,

-v-

KAYHAN CIVELEK, DDS and
KAYHAN CIVELEK, DDS, P.C.,

          Defendants.

CIVIL ACTION NO.: _____ - 2015

ATTORNEY VERIFICATION

I, RAYMOND G. LAHOUD, ESQUIRE, the Deponent, am an attorney duly admitted to practice law in the Courts of the State of New York, and I affirm the following under penalties of perjury:

1. I am the attorney for the Plaintiff in the above entitled-action.

2. I have read the foregoing **VERIFIED COMPLAINT** and knows the contents thereof, and upon information and belief, I believe after an inquiry reasonable under the circumstances the matters alleged herein to be true, and that the contentions herein are not frivolous.

3. I make this verification instead of Plaintiff as Plaintiff is not within the county where I maintain my offices.

4. The source of my information and the grounds of my belief are communications, papers, reports and investigations contained in the file maintained by my offices.

Dated: Easton, Pennsylvania
       January 5, 2015

                                                  Raymond G. Lahoud, Esquire

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARISSA SIRIA RENTERIA, <br><br> Plaintiff, <br><br> -v- <br><br> KAYHAN CIVELEK, DDS and KAYHAN CIVELEK, DDS, P.C., <br><br> Defendants. | CIVIL ACTION NO.: _____ - 2015 <br><br> CERTIFICATE OF MERIT <br><br> MEDICAL MALPRACTICE ACTION |

I, RAYMOND G. LAHOUD, attorney for Plaintiff in the above action, declares as follows:

5. I am an attorney admitted to practice before the Courts of the State of New York.

6. I have reviewed the facts of this case and have consulted with at least one duly licensed dentist who is licensed to practice in this or any other state and who I reasonably believe is knowledgeable in the relevant issues involved in this action.

7. On the basis of this consultation, I have concluded that there is a reasonable basis for this action.

Dated: Easton, Pennsylvania
January 5, 2015

Raymond G. Lahoud, Esquire

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARISSA SIRIA RENTERIA,

        Plaintiff,

-v-

KAYHAN CIVELEK, DDS and
KAYHAN CIVELEK, DDS, P.C.,

        Defendants.

CIVIL ACTION NO.: _____ - 2015

APPEARANCE OF COUNSEL

TO: THE CLERK OF THE COURT AND ALL PARTIES OF RECORD:

I am admitted to practice before this Court, and I appear for Counsel for Plaintiff, Carissa Siria Renteria.

Dated: Easton, Pennsylvania
January 5, 2015

BAURKOT & BAURKOT

Raymond G. Lahoud, Esquire
Attorney ID No.: RL3411
227 South Seventh Street
Post Office Box 801
Easton, PA 18044
P: (484) 544-0022
F: (201) 604-6791
E: rgl@bmblawyers.com